Fotos Spyros **BOULIERIS**, Libellant,

v.

**THE** Greek S.S. **MATROZOS**, etc., et al., Respondents.

No. 419.

United States District Court
E. D. Virginia,
Newport News Division.

Feb. 9, 1959.

---

2. The case of Littleton v. Kincaid, 4 Cir., 179 F.2d 848, 27 A.L.R.2d 572, is inapposite.

Burt M. Morewitz, Newport News, Va., for libellant.

Vandeventer, Black & Meredith, Walter B. Martin, Jr., Norfolk, Va., for respondents.

WALTER E. HOFFMAN, District Judge.

Libellant has filed a motion for an interlocutory decree to require the respondent-owner of the Greek S.S. Matrozos to furnish medical care to libellant who is now in Greece and admittedly in need of an operation to correct an ulcer condition. Respondent asserts that libellant has forfeited his rights to continued cure at respondent's expense as libellant allegedly rejected the offer of an operation during July, 1958.

The evidence discloses that libellant verified his libel at Newport News, Virginia, on February 21, 1958, and the libel was filed on March 4, 1958. Under date of February 20, 1958, proctors for the owners of the vessel delivered a letter to proctor for libellant reading, in part, as follows:

"Reference is made herewith to our telephone conversation of this morning in which we advised you that the above seaman will be furnished medical treatment in Greece at the expense of the owners of the M.V. Matrozas, until such time as he has reached a point of maximum cure. This guarantee is made by us on behalf of the owners of the Matrozas, our disclosed principal."

Purported services were effected upon alleged agents of the owners, and upon the Secretary of the Commonwealth of Virginia. Motions to quash the services were filed but, on October 22, 1958, the registered owner of the vessel filed its answer to the libel. Subsequently, on December 4, 1958, to avoid the threat of the vessel's attachment, bond for the release of the vessel was fixed at $17,500.

Libellant arrived in Greece on or about March 30, 1958, and was immediately taken to the Clinic "Aghios Minas" by respondent's physician, where he was confined and treated for general exhaustion, a disturbance on the left side of the thorax, and the chronic ulcer of the duodenum, until July 12, 1958, when he was released from the clinic.

Respondent's physician testified that libellant refused to submit to an operation to correct the ulcer and, therefore, no further cure could be administered. He concedes that libellant "pleaded the heat of the summer" as an excuse for not being operated upon at that time. While libellant denies that he refused the proffered operation, it is unnecessary to determine this question as, at best, the declination was qualified and apparently justified under existing customs in Greece where it is conceded that only emergency operations are performed from June 15 to September 1 of any year, and the summer season is not suitable for the operation required to be performed upon libellant.

This is not a case in which the seaman has refused competent medical treatment. To defer the operation under the circumstances of this case is not the equivalent of an outright declination which would relieve the shipowner of any further obligation of cure.

An order has been entered granting respondent the privilege of arranging for the operation and required competent

hospitalization and medical services within thirty days and, if not so provided by respondent, the libellant is at liberty to arrange for same at the expense of respondent and look to the bond posted herein for reimbursement of said expenditures.